IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-307-FL

| ANNA RHODES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NAVY FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of plaintiff's pro se complaint (DE 1, 4) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed (DE 10), and that plaintiff's motion to expedite (DE 9) be denied. Plaintiff filed objections to the M&R. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

1

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the magistrate judge recommends dismissal without prejudice because plaintiff's complaint fails to identify a basis for the court's exercise of federal question jurisdiction, and because it does not contain a short and plan statement of the claim. See Williams v. Ozmint, 716 F.3d 801, 805 (4th Cir. 2013); Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968); Fed. R. Civ. P. 8. Upon careful review of the M&R and plaintiff's complaint and objections,[1] the court finds the magistrate judge's analysis to be thorough and correct, and plaintiff does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47. The court thus hereby ADOPTS the recommendation of the magistrate judge as its own. Plaintiff's complaint must be dismissed without prejudice for lack of subject matter jurisdiction and for failure to state a claim, and plaintiff's motion to expedite is denied.

The court writes separately to address the issues raised by plaintiff's objections. In her objections, plaintiff describes interactions she has had with defendant, as an account holder, since 2019. She asserts that defendant violated provisions of the Fair Debt Collection Practices Act and Fair Credit Reporting Act, also referencing 39 U.S.C. § 3001(d), 15 U.S.C. § 1692j, and 15 U.S.C.

---

[1] The court notes that some of the prior documents filed in this case were signed by an unspecified "agent on behalf of Anna Kalise Rhodes," (E.g., DE 1-3 at 2). It is additionally not clear that plaintiff herself filed the objections filed November 17, 2023, where the signature block does not include plaintiff's printed name and it appears to by prefaced with "By:" (DE 12 at 6), signifying another individual may be attempting to sign documents on plaintiff's behalf. This is not permitted. Indeed, "[a] nonlawyer can't handle a case on behalf of anyone except [her]self." Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 245 (4th Cir. 2020). "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664–65 (9th Cir. 2008).

2

§ 1681(a)(2)(A). She asserts injury under these statutes and a right to relief. Plaintiff's assertions in her objections, however, do not demonstrate the viability of plaintiff's original complaint. If plaintiff wishes to assert new claims and new allegations, she must do so through filing an amended complaint.

The court provides plaintiff an opportunity to file an amended complaint, within 28 days of the date of this order, setting forth the claims under federal law that she believes she has, including "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff is warned that to survive dismissal, she must allege "sufficient factual matter" to state a plausible claim for relief under the statutes asserted. Ashcroft v. Iqbal, 556 U.S. 662, 678(2009). "[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In addition, the amended complaint must be signed by plaintiff personally, if proceeding pro se. (See Order (DE 3) at 1). Finally, the amended complaint will be considered the complaint in its entirety and the court will not review plaintiff's prior filings to identify any misplaced claims. Failure to comply with this order, particularly the instructions set forth in this paragraph, may result in dismissal of this action.

## CONCLUSION

Based on the foregoing, plaintiff's complaint is DISMISSED WITHOUT PREJUDICE, under 28 U.S.C. § 1915(e)(2), for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff's motion to expedite (DE 9) is DENIED. Plaintiff is DIRECTED to file an amended complaint, if any, within 28 days of the date of this order, in accordance with the instructions set forth herein. Any such amended complaint will be subject to further review under 28 U.S.C. § 1915(e)(2) prior to service, if any, by the United States Marshal.

SO ORDERED, this the 21st day of December, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge