IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-307-FL

| | | |
|---|---|---|
| ANNA RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NAVY FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon plaintiff's filing, which the court construes as an amended complaint (DE 16), following the court's December 21, 2023, order dismissing plaintiff's original complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e). (See Order (DE 13) at 3).

Under section 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In this instance, plaintiff's amended complaint does not cure the deficiencies that resulted in dismissal of plaintiff's original complaint.

Plaintiff asserts jurisdiction on the basis that the court "has to rule in anti-trust disputes and administer trusts under article 3 subsection 3 part 1 of the 1787 US constitution as ordered by the United States Congress." (DE 16 at 1). Plaintiff has not, however, demonstrated a federal question under anti-trust law, based on the allegations in the amended complaint. See Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 370 (4th Cir. 2001); Harron v. United Hosp. Ctr., Inc., Clarksburg, W. Va., 522 F.2d 1133, 1134 (4th Cir. 1975). In addition, plaintiff has not alleged

1

"sufficient factual matter" to state a plausible claim for relief under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation," id., such as plaintiff here asserts in her amended complaint with reference to defendant "restricting [her] property," (Am. Compl. (DE 16) at 1), is not sufficient to meet this standard. Therefore, plaintiff's amended complaint must be dismissed under § 1915(e)(2).

## CONCLUSION

Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE, under 28 U.S.C. § 1915(e)(2), for lack of subject matter jurisdiction and for failure to state a claim. The clerk is DIRECTED to close the case.

SO ORDERED, this the 29th day of January, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge